

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

November 22, 2024

**BY ECF AND EMAIL**

Hon. Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    **Re: *United States v. Petar Mihaylov*, 22 Cr. 155 (PAE)**

Dear Judge Engelmayer:

    The parties write in response to the Court's request to advise on how the Court should proceed on the deferred prosecution agreement ("DPA") entered into between the defendant and the Government, attached hereto as Exhibit A.

    The parties request that the Court conduct a telephonic hearing, with the defendant, where the defendant can acknowledge his understanding of the terms of the DPA and the consequences of breaching it. Because the defendant will not be formally appearing in the United States such that criminal proceedings have commenced, there is no need for the Court to exclude time under the Speedy Trial Act, which has not yet begun to run.

    In *United States v. HSBC Bank USA, N.A.*, the Second Circuit held that a district court's role in "approving" a deferred prosecution agreement is limited to determining that the deferred prosecution agreement is *bona fide*, that is, "genuinely intended to allow the defendant to demonstrate [her] good conduct, and does not constitute a disguised effort to circumvent the speedy trial clock." 863 F.3d 125, 138 (2d Cir. 2017) (internal quotation marks omitted) (quoting 18 U.S.C. § 3161(h)(2)). The Court in *HSBC* held that the district court had overstepped its role by exercising its supervisory authority to monitor the execution and implementation of the agreement. *Id.* at 135-39.

Nothing in the Second Circuit's description of the district court's limited role—or in the Speedy Trial Act itself—suggests that an in-person hearing is required to determine whether the agreement is *bona fide*, especially where, as here, the Speedy Trial Act has not begun to run. Accordingly, the parties respectfully submit that the Court allocute the defendant through a telephonic hearing and confirm the acceptance of Pretrial Services to ensure the defendant's compliance with the DPA's terms.

At the expiration of the DPA period, assuming the defendant has complied with its terms, the Government intends to move to dismiss the Indictment against this defendant.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

by: */s/*_____
Matthew R. Shahabian
Assistant United States Attorney
(212) 637-1046

cc: Michael Gilbert, Esq. (by email)

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Petar Mihaylov,

*Defendant.*

**Deferred Prosecution Agreement**

**22 Cr. 155 (PAE)**

TO:    PETAR MIHAYLOV:

On March 10, 2022, an indictment was issued by a Grand Jury sitting in the Southern District of New York, charging you with conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349, two counts of securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2, wire fraud, in violation of Title 18, United States Code, Section 1343, and conspiracy to commit money laundering, in violation of Title 18, United States Code, Section 1956(h). However, after a thorough investigation, and based on the facts of the case and your personal circumstances, particularly your representations about your health condition, the denial of the United States's application to extradite you from Bulgaria based on your health condition, and your agreement in principle with the Securities and Exchange Commission ("SEC") to settle the civil enforcement action against you, the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY") has determined that the interests of justice will best be served by deferring prosecution in this District. Upon your acceptance of responsibility for your behavior and your signature on this deferred prosecution agreement (the "Agreement"), prosecution will be deferred during the term of your good behavior and satisfactory compliance with the terms of this Agreement for the period of six months from the signing of this Agreement.

As part of this Agreement, you admit to violating Title 15, United States Code, Sections 78j(b) & 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5.

The terms and conditions constituting your good behavior and satisfactory compliance, which shall be satisfied in and from Bulgaria, are as follows:

(1) You shall refrain from violation of any law (federal, state, and local). You shall immediately contact your U.S. Pretrial Services Officer if arrested or questioned by a law-enforcement officers.

1

(2) You shall associate only with law-abiding persons.

(3) You shall work regularly at a lawful occupation and/or regularly attend school and support your legal dependents, if any, to the best of your ability. When out of work or not attending school you shall notify your supervising U.S. Pretrial Services Officer at once. You shall consult him or her prior to job and school changes.

(4) You shall notify your supervising U.S. Pretrial Services Officer immediately of any changes in your place of residence.

(5) You shall follow your supervising U.S. Pretrial Services Officer's instructions and advice.

(6) You shall report to your supervising U.S. Pretrial Services Officer as directed.

As a further condition, you hereby consent to disclosure, by any federal, state or local government agency, or by any medical or substance abuse treatment provider, to the U.S. Pretrial Services Officer supervising your case, of such medical and treatment records as may be requested by the Pretrial Services Officer to evaluate deferral of prosecution in this case. You further agree that you will execute any additional consent forms that any such agency or provider may require to release such information.

Special conditions are as follows:

(1) You shall have no contact with any co-defendants or with co-conspirators, as identified to you by your supervising U.S. Pretrial Services Officer.

(2) You shall not participate, directly or indirectly, in the issuance, offer, or sale of any U.S. security or penny stock, and shall not serve as a director or officer of any U.S. public company.

(3) You shall cooperate with the USAO-SDNY by answering any questions about your charged conduct and the conduct of your co-defendants. You shall also answer any questions about any other information you may have about fraudulent conduct significantly impacting U.S. securities markets.

(4) You shall provide your U.S. Pretrial Services Officer and the USAO-SDNY, thirty days after the close of every quarter, a copy of all your reasonably available medical records, with corresponding English translations, through the preceding quarter. This obligation begins with the July 1, 2024 through September 30, 2024 quarter, to be provided by October 30, 2024.

(5) You shall resolve, by agreement with the Securities and Exchange Commission (the "SEC"), the civil enforcement action filed against you titled *SEC v. Bauer et al.*, 22

2

Civ. 3089 (S.D.N.Y.), through acceptance of service of a civil complaint, agreement to enter into an injunction that will be filed by in or about September __, 2024, and pay the financial penalties associated therewith, including a payment to the SEC in the amount of $2,327,666 (the "SEC Payment") within 20 days of entry of the Final Judgment in the SEC action.

(6) By signing this Agreement, you, Petar Mihaylov, agree to pay forfeiture in the amount of $1,250,000.00 (the "Forfeiture Amount"). However, provided the SEC Payment is made to the SEC within the timeframe described above in paragraph 5, the Defendant's Forfeiture Amount obligation shall be deemed fully satisfied by the Government and you will not have to make any further payment in connection with the criminal case.

(7) You shall not leave the country of Bulgaria during the term of this Agreement.

The USAO-SDNY may at any time revoke or modify any condition of this provisional release or change the period of such supervision. The USAO-SDNY may discharge you from supervision at any time.

If upon your completion of supervision a written report from your supervising U.S. Pretrial Service Officer is received to the effect that you have complied with all the rules, regulations and conditions and special conditions applicable to your deferred prosecution, no further prosecution will be instituted in this District for the above offense.

If you successfully complete the term of supervision and fulfill all the terms and conditions of this Agreement, the USAO-SDNY will move the Court to dismiss the Indictment against you.

3

It is further understood that this Agreement and the terms and conditions set forth herein are limited to the facts and circumstances of this case and lack precedential value.

Dated: New York, New York
      August 7, 2024

                                    DAMIAN WILLIAMS
                                    United States Attorney

                    By: _____
                       Matthew R. Shahabian
                       Assistant United States Attorney
                       (212) 637-1046

The undersigned hereby consents to the foregoing and expressly waives any and all rights to a speedy trial pursuant to the Sixth Amendment to the United States Constitution, the Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, and any other pertinent provisions, and consents to the adjournment of all pending proceedings in this case. The undersigned further waives the applicable statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed. It is the intent of this provision to toll the applicable statute of limitations during the pendency of the deferred prosecution.

Dated: New York, New York
      August 7 , 2024

_____      _____
William B. Mateja, Esq.                        Petar Mihaylov
Attorney for Defendant                       Defendant

Pursuant to 18 U.S.C. § 3161(h)(2), exclusion under the Speedy Trial Act of the period of time during which the prosecution of the defendant is deferred pursuant to this Agreement is hereby approved.

Dated: New York, New York
      _____, 2024

                                 _____
                               Hon. Paul E. Engelmayer
                               United States District Judge

4

      The undersigned hereby consents to the foregoing and will accept supervision of the above-named defendant on the conditions set forth herein.

Dated: New York, New York
           _____, 2024

                                       _____
                                       U.S. Pretrial Services Officer

5